The Honorable Judge Paula L. McCandlis

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GIANNI SHARPA THOMAS,<br><br>Defendant. | NO. MJ22-491<br><br>GOVERNMENT'S PRELIMINARY HEARING BRIEF |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Cecelia Gregson, Assistant United States Attorney for said District, hereby files this brief to assist the Court in conducting the scheduled preliminary hearing in this matter. This brief provides an overview of the case law governing preliminary hearings, the probable cause standard, evidentiary matters, and disclosures.

## I. INTRODUCTION

On April 6, 2022, defendant Gianni Sharpa Thomas was charged by criminal complaint with Counts 1 and 2: Unlawful Possession of Firearms, in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 1. The Defendant made his initial

Government's Preliminary Hearing Brief
*United States v. Thomas*, MJ22-491 - 1

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | appearance on October 26, 2022. Dkt. 7. A detention hearing has been scheduled for |
| 2 | November 1, 2022. Dkt. 9. A preliminary hearing has been scheduled for November 8, |
| 3 | 2022, in order for the Court to determine if the charges are supported by probable cause. |
| 4 | Dkt. 7. The government will produce discovery in this matter by November 1, 2022. |
| 5 | II. PROBABLE CAUSE STANDARD |
| 6 | At a preliminary hearing, the court's sole task is to determine whether there is |
| 7 | "probable cause to believe an offense has been committed and the defendant committed |
| 8 | it." Fed. R. Crim. P. 5.1(e). In other words, "the purpose of a preliminary hearing . . . is |
| 9 | to require the government to show probable cause to hold a suspect pending trial." |
| 10 | *Hooker v. Klein*, 573 F.2d 1360, 1367 n.7 (9th Cir. 1978). Courts routinely apply this |
| 11 | same probable cause standard when reviewing complaints and search warrants. Probable |
| 12 | cause requires "knowledge or reasonably trustworthy information sufficient to lead a |
| 13 | person of reasonable caution to believe that an offense has been or is being committed by |
| 14 | the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007); |
| 15 | *see also Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause |
| 16 | signifies evidence sufficient to cause a person of ordinary prudence and caution to |
| 17 | conscientiously entertain a reasonable belief of the accused's guilt."); *United States v.* |
| 18 | *Bishop, 264 F.3d 919, 924* (9th Cir. 2001) ("Probable cause exists when there is a fair |
| 19 | probability or substantial chance of criminal activity."). "[C]onclusive evidence of guilt |
| 20 | is of course not necessary . . . to establish probable cause," *Lopez*, 482 F.3d at 1072, |
| 21 | which means "[f]inely tuned standards such as proof beyond a reasonable doubt or by a |
| 22 | preponderance of the evidence . . . have no place in the probable-cause decision. . . . All |
| 23 | we have required is the kind of 'fair probability' on which 'reasonable and prudent |
| 24 | people, not legal technicians, act.'" *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) |
| 25 | (citations omitted). |
| 26 | // |
| 27 | |

Government's Preliminary Hearing Brief
*United States v. Thomas*, MJ22-491 - 2

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In evaluating probable cause, courts consider the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Under this standard, courts must consider "the whole picture," rather than viewing individual facts "in isolation." *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018). Accordingly, "[i]t is not uncommon for seemingly innocent conduct to provide the basis for probable cause." *United States v. Rodriguez*, 869 F.2d 479, 483 (9th Cir. 1989); *see also United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995) ("[O]bservations of conduct consistent with drug trafficking, even though apparently innocuous, can give rise to probable cause."). A magistrate judge presiding over a preliminary hearing can "legitimately find probable cause while personally entertaining some reservations." *Coleman*, 477 F.2d at 1202.

III. EVIDENTIARY MATTERS

A. *The Federal Rules of Evidence do not apply*.

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid. 1101(d)(3). The only exception is that the rules on privilege still apply. Fed. R. Evid. 1101(c). As described below, the evidence that may be presented at preliminary hearings differs in important respects from the typical rules of evidence.

B. *Hearsay is admissible*.

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. *See, e.g.*, *Santos v. Thomas*, 830 F.3d 987, 991 (9th Cir. 2016) ("In probable cause hearings under American law, the evidence taken need not meet the standards for admissibility at trial. Indeed, at a preliminary hearing in federal court a finding of probable cause may be based upon hearsay in whole or in part." (internal quotation marks omitted)); *Peterson v. California*, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth Amendment permits a determination of probable cause at a preliminary hearing based on hearsay testimony). This concept has deep roots. Rule 5.1, the rule

Government's Preliminary Hearing Brief
*United States v. Thomas*, MJ22-491 - 3

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

governing preliminary hearings, previously contained an explicit statement that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part." The Advisory Committee omitted that language in the 2002 amendments, deeming it unnecessary because federal law had become clear that it is appropriate to rely on hearsay at the preliminary hearing and the Federal Rules of Evidence explicitly state that they do not apply at this stage. Fed. R. Crim. P. 5.1 Advisory Committee Notes on 2002 Amendments; Fed. R. Evid. 1101. Presentation of hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the Confrontation Clause is a trial right. *Peterson*, 604 F.3d at 1169-70.

C. *Suppression arguments are premature*.

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e). Thus, a defendant may not raise arguments that evidence should be suppressed. *See, e.g., Giordenello v. United States*, 357 U.S. 480, 484 (1958); *United States v. Olender*, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

D. *Cross-examination is limited*.

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited. "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]" *Coleman*, 477 F.2d at 1201. Defense counsel may not use cross-examination to go "on an impermissible quest for discovery." *Id*. For example, the Fifth Circuit upheld a magistrate judge's decision to prevent cross-examination about the identity of an informant. *United States v. Hart*, 526 F.2d 344, 344 (5th Cir. 1976). Moreover, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary hearing. In addition to the special limitations for preliminary

Government's Preliminary Hearing Brief
*United States v. Thomas*, MJ22-491 - 4

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

hearings, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness' direct examination." *Coleman*, 477 F.2d at 1201.

## IV. DISCOVERY DISCLOSURES

Disclosure is a natural, but collateral, effect of any preliminary hearing. A preliminary hearing "does not include discovery for the sake of discovery." *Coleman*, 477 F.2d at 1199–200; *see also Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."); *United States v. Begaye*, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings."). Rather, Rule 5.1 directs the parties to make certain limited disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing. Fed. R. Crim. P. 5.1(h), 26.2.

Statements must be produced only if they "relate[] to the subject matter of the witness's testimony" and (i) made, signed, or otherwise adopted and approved by the witness; (ii) verbatim recital of a witness' oral statement; or (iii) the witness' grand jury statement. Fed. R. Crim. P. 26.2(f). The government will have fully produced discovery by the time of the preliminary hearing.

The government will have Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Davis testify at the preliminary hearing. SA Davis is familiar with this investigation and as the affiant for the Complaint. Based on his familiarity with the investigation, SA Davis will attest that, to the best of his knowledge, the facts contained in the Complaint are true and correct, and will fully adopt the Complaint as his testimony at the hearing.

//

//

Government's Preliminary Hearing Brief
*United States v. Thomas*, MJ22-491 - 5

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 31st day of October, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Cecelia Gregson*
CECELIA GREGSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101

Government's Preliminary Hearing Brief
*United States v. Thomas*, MJ22-491 - 6

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970