|   |   |   |
|---|---|---|
| 1 | | MAGISTRATE JUDGE BRIAN A. TSUCHIDA |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | ) No. MJ22-491 |
|---|---|
| Plaintiff, | ) |
| v. | ) DEFENSE MEMORANDUM IN SUPPORT OF RELEASE ON AN APPEARANCE BOND |
| GIANNI S. THOMAS, | ) |
| Defendant. | ) |

Gianni Thomas, through Assistant Federal Public Defender Vanessa Pai-Thompson, asks the Court to release him on an appearance bond with United States Pretrial Services supervision. The defense proposes release conditions that, taken together, reasonably assure both Mr. Thomas's appearance as directed and the safety of the community and its members. 18 U.S.C. § 3142(c).

**I. PROCEDURAL HISTORY; NO DETENTION PRESUMPTION**

Mr. Thomas made his initial appearance on October 25, 2022 (Dkt. 6) after he was arrested at a scheduled Washington State Department of Corrections ("DOC") check-in. The Complaint charges Mr. Thomas with two counts of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), alleged to have occurred on May 23, 2022 (count 1) and September 8, 2022 (count 2). Dkt. 1.

Mr. Thomas's whereabouts were known to law enforcement in the time between September 8, 2022 and October 25, 2022. Mr. Thomas spent a short period in DOC

DEFENSE MEMORANDUM IN SUPPORT OF
RELEASE ON AN APPEARANCE BOND
(*U.S. v. Thomas*, MJ22-491) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

custody after his arrest (roughly 10 days), and thereafter lived with his grandmother (his DOC-approved address) and worked at a Seattle-area TMobile retail store.

The government moved for detention at Mr. Thomas's initial appearance. Dkt. 8. Its motion correctly reflects that there is not a presumption of detention in this case. *Id.*; 18 U.S.C. § 3142(e)(3). The defense initially requested two days to prepare for the detention hearing. Dkt. 6. Following a meeting at the Federal Detention Center, the defense requested additional time to prepare for the hearing. That request was granted and Mr. Thomas's detention hearing is presently set for November 1, 2022. Dkt. 9.

## II. PROPOSED RELEASE PLAN

The defense asks the Court to release Mr. Thomas to Pretrial Services supervision upon an appearance bond including the standard conditions of supervision, residence and search conditions, travel restriction to the Western District of Washington, and the following additional special conditions:

- Active GPS location monitoring with curfew.
- Chemical dependency evaluation and treatment as directed; UA testing.
- Mental health evaluation and treatment as directed.
- Maintain employment.

Mr. Thomas would also be under DOC supervision.

Through DOC, he is engaged with STOPWA—an agency that provides anger management and domestic violence prevention services.[1] STOPWA confirmed to the Federal Public Defender that Mr. Thomas underwent a domestic violence assessment with their program on October 11, 2022, which is still being completed.

### A. Substance Use Disorder and Mental Health Treatment

The defense has arranged for a substance use disorder evaluation to be completed while Mr. Thomas is in the United States Marshals' lockup on November 1,

---

[1] https://www.stopwa.com/.

DEFENSE MEMORANDUM IN SUPPORT OF
RELEASE ON AN APPEARANCE BOND
(*U.S. v. Thomas*, MJ22-491) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

2022. While the written evaluation will not be completed in time for the 2:30 PM detention hearing, completing the evaluation while Mr. Thomas is at the courthouse will facilitate expeditious treatment placement upon release. The FPD should have the written evaluation in hand within days and plans for Mr. Thomas to seek treatment through Valley Cities[2] so that he can participate in co-occurring substance use disorder and mental health treatment. Exhibit 1.

### B. Referral to Alive and Free Program or Community Passageways

The defense is also working on referring Mr. Thomas to a community-based violence prevention program that works with young people. Counsel hopes to be able to refer him to the YMCA's Alive and Free program.[3] Alive and Free is a community-based program that "serves youth and young adults across King County who are involved with or impacted by groups, gang, community violence, or the justice system…through street outreach and case management in partnership with several cities and organizations across King County." Exhibit 2.

The Federal Public Defender has spoken with a representative from Alive and Free, who indicated that the program is accepting new clients and the timeline for intake and engagement with the young person referred is approximately two weeks. Mr. Thomas is just above the age range Alive and Free typically serves, having turned 25 in July. However, the program representative has indicated they may be able to work with him given how recently he turned 25 years old. If they are unable to given Mr. Thomas's age, the defense would complete a referral to Community Passageways,[4] which works with young people up to 27 years old.

---

[2] https://www.valleycities.org/all-services.
[3] https://www.seattleymca.org/social-impact-center/youth-young-adults/violence-prevention-intervention.
[4] https://www.communitypassageways.org/.

DEFENSE MEMORANDUM IN SUPPORT OF
RELEASE ON AN APPEARANCE BOND
(*U.S. v. Thomas*, MJ22-491) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### C. Maintaining Stable Employment with a Supportive Employer

Mr. Thomas also has a job to return to, with an employer who values his dedication as an employee and sees his commitment to changing his life. Mr. Thomas has been working at a TMobile retail store since September. He loves his job, the positive environment at the store, and the feelings of stability and accomplishment it gives him to have a regular paycheck to contribute to his household and support his son. Exhibit 3. His manager believes in Mr. Thomas and his potential so firmly that he plans to attend the detention hearing to address the Court.

## III. CONCLUSION

Releasing Mr. Thomas with the conditions outlined above would reasonably assure both his appearance as directed and the safety of any other person and the community. Mr. Thomas has a job that gives him daily structure and makes him feel valued. He is already engaged with treatment services through STOPWA, will have completed a substance use disorder evaluation before his detention hearing, and is ready to engage with whatever treatment services will help him build a stable future for himself and his son. This motivation provides additional incentive for him to comply with all bond conditions imposed. Release is appropriate here.

DATED this 31st day of October 2022.

Respectfully submitted,

s/ *Vanessa Pai-Thompson*
Assistant Federal Public Defender
Attorney for Gianni S. Thomas

DEFENSE MEMORANDUM IN SUPPORT OF
RELEASE ON AN APPEARANCE BOND
(*U.S. v. Thomas*, MJ22-491) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100