Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GIANNI S. THOMAS<br><br>Defendant. | NO. CR22-198 RSL<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER<br><br>NOTE ON MOTION CALENDAR:<br><br>January 6, 2023 |

While under the watchful eye of the Department of Corrections following a domestic violence felony violation of a no contact order conviction, the defendant armed himself with firearms on multiple occasions and was arrested with distribution level amounts of fentanyl and more than $6,000. After considering the facts of the case, information related to the defendant's history and personal characteristics, to include appearance history, warrant status, and risk to the community, Magistrate Judge Tsuchida concluded no combination of conditions could reasonably assure the defendant's appearance at future hearings and risk to community safety. The defendant remains a risk to community safety and nonappearance. Judge Tsuchida properly determined the

Response to Motion to Revoke Detention Order - 1
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendant should be detained. As such, the United States hereby seeks an order denying Defendant's Motion to Revoke Detention.

I. FACTUAL AND PROCEDURAL HISTORY

**A. Instant Offenses**

On June 22, 2022, the defendant was convicted of Domestic Violence Felony Violation of a Court Order, in King County Superior Court under cause number 20-1-01569-1 SEA. Upon his release from prison on February 18, 2022, the defendant's community custody with the Washington Department of Corrections (DOC) commenced. Dkt. 1, ¶ 5.

<u>May 23, 2022</u>

In May 2022, Seattle Police Department (SPD) Detective Caulfield discovered a music video posted on YouTube from username "STAKKTEAMGIGI." SPD and DOC believe the defendant is a member of Blood Stakk Team, a criminal street gang. The group has filmed videos around the 2400 block of South Kenyon Street in West Seattle showing its members and associates in possession of firearms. Dkt. 1, ¶7.

The defendant is also a rapper, who posts music videos to video sharing websites like YouTube.com. In the videos, posted by YouTube user "STAKKTEAMGIGI," the defendant can be seen rapping. Previous Alcohol Tobacco and Firearms investigations revealed that STAKKTEAMGIGI is the username that the defendant uses for multiple social media accounts. Detective Caulfield viewed a video, which was posted May 12, 2022, from the STAKKTEAMGIGI YouTube account depicting the defendant holding what appeared to be multiple firearms throughout the video. At one point, the defendant is depicted pointing a firearm at the camera and an extended magazine is visible in the frame. Detective Jones notified the defendant's assigned DOC Community Corrections Specialist (CCS) and ATF Task Force Officer (TFO) John Conaty of the

Response to Motion to Revoke Detention Order - 2
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

STAKKETEAMGIGI video. As a result, TFO Conaty determined the defendant needed to be arrested for violating the conditions of his DOC supervision. *Id.*

On May 23, 2022, law enforcement officers from ATF, SPD, and DOC gathered to surveille and coordinate the defendant's arrest. At approximately 0638 hours, ATF SA Salcepuedes observed a black 2016 Mercedes GLA with Washington license plate BYL7571, registered to M.H.O., parked by the defendant's residence at the corner of South 13th Street and South Yakima Avenue in Tacoma, Washington. Dkt. 1, ¶8.

At approximately 1445 hours, the defendant's then girlfriend walked up to the Mercedes and entered the front passenger seat. Seconds later, SPD surveillance units observed the defendant walking towards the Mercedes. ATF SA Price observed the defendant look up at the approaching arrest vehicle. The defendant continued to the driver's side front door and entered the Mercedes. SA Price observed the defendant through the driver's window of the Mercedes and saw the defendant making movements with his arms around his waist area. SA Price then observed the defendant turn to his right and lower his shoulder in the area of the passenger side back seat floorboard. Immediately after making these movements, the defendant opened the car door and exited the vehicle and was taken into custody by agents. Dkt. 1, ¶9.

SPD officers seized a Glock, Model 43X, 9mm caliber pistol from the floorboard behind the front passenger seat. The Glock was loaded with a magazine loaded with ammunition and had a round in the chamber. Officers also seized one box of ammunition containing 9mm caliber ammunition in the front passenger door, one bag containing 9mm caliber ammunition in the center console, and one drum magazine containing 9mm caliber ammunition in the trunk. Drum magazines are used to contain large amounts of ammunition. Dkt. 1, ¶710

//

//

Response to Motion to Revoke Detention Order - 3
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### September 8, 2022

On September 8, 2022, at about 1414 hours, a Federal Way Police Department (FWPD) officer observed a black Mercedes sedan traveling northbound at 33200 Pacific Highway South, in Federal Way, King County, Washington with rear Washington license plate CER7282 hanging off the license plate bracket area at an approximate 45-degree angle dangling precariously by one screw. The Mercedes also had tinted windows on the front side windows that appeared to be darker than what is allowed by law. Dkt. 1, ¶15.

The officer conducted a traffic stop of the vehicle. The driver was identified by DOC identification and an electronic Washington Department of Licensing photo as Sharpa Gianni Thomas. The front female passenger was identified as the registered owner of the Mercedes, H.K. A computer records check through DOL on the defendant's driving status showed he was currently Suspended/Revoked 3rd Degree. Due to the defendant's status as Suspended/Revoked 3rd Degree, and neither occupant having proof of motor vehicle insurance, the officer impounded the Mercedes. Dkt. 1, ¶16.

While conducting an inventory search of the Mercedes prior to towing, the officer observed an unholstered semi-automatic pistol located in the center unlocked console of the Mercedes. The officer immediately stopped the inventory and coordinated an investigative impound to the FWPD impound lot. On September 8, 2022, FWPD officers obtained a Federal Way Municipal Court search warrant for the Mercedes for evidence of the Washington State crime of Unlawful Possession of a Firearm as the defendant is a convicted felon. Dkt. 1, ¶17.

On September 8, 2022, the search warrant was executed on the Mercedes and the following items were seized:

- A Taurus, 9mm caliber pistol, with serial number ACD813911, in the center console with a loaded magazine next to it. The pistol did not have a magazine in the magazine well of the pistol and no round was chambered.

Response to Motion to Revoke Detention Order - 4
United States v. Gianni S. Thomas / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- A Glock, Model 26, 9mm caliber pistol, with serial number BGXL615. The pistol was resting just under the back of the front passenger seat, with the grip facing towards the driver's side. The pistol was loaded with an extended magazine with one round in the chamber. Dkt. 1, ¶18.

The Mercedes Bluetooth display showed that an orange phone connected to it said "Gigi's phone" on the screen. DOC CCS Conaty confirmed that the moniker "Gigi" is associated with the defendant. Officers later contacted H.K. at the phone number she provided and advised her that her vehicle could be picked up. H.K. stated she didn't know about the guns in her vehicle. Dkt. 1, ¶19.

On November 9, 2022, the grand jury returned an indictment charging the defendant with two counts of Unlawful Possession of Firearms in violation of Title 18, United States Code, Section 922(g)(1), one count of Possession of a Controlled Substance with Intent to Distribute in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). Dkt. 17. Trial is scheduled for February 27, 2023. Dkt. 26.

**B. Other Pending Criminal Matters**

The defendant is pending trial on charges of domestic violence no contact order violation and obstructing law enforcement in Tukwila Municipal Court stemming from a November 22, 2019, incident. *See* Second Supplemental Pretrial Services Report at 5.

**C. The Detention Hearing**

Magistrate Judge Tsuchida detained the defendant following his initial appearance on November 1, 2022, after determining no conditions would reasonably assure the defendant's appearance as required or reasonably assure the safety of any other person and the community. Dkt. 14. On November 1, 2022, the defendant sought release and was again denied due to failure to appear and community safety concerns. Dkt. 28. The

Response to Motion to Revoke Detention Order - 5
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendant seeks to have Judge Tsuchida's well-reasoned findings set aside. The Court should decline to do so.

## II. LEGAL STANDARD

Title 18, United States Code, Section 3145(b) permits the defendant to seek review of a detention order. If a review is undertaken, the district court must conduct a *de novo* review of the detention order, and it need not give deference to the factual findings or the ultimate conclusion of the Magistrate Judge. *See United States v. Koenig*, 912 F.2d 1990, 1191-92 (9th Cir. 1990). However, the Ninth Circuit has made clear that the precise nature of the review in each case is left to the sound discretion of the district court. *Id.* ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."). Moreover, the decision as to whether to hold oral argument is left to the district court's discretion. *Id.* ("If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so. . .").

The key question in the detention analysis in this case is whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The standards of proof differ with respect to the "risk of flight" and "dangerousness" prongs of the statute. A detention order based on the defendant's risk of flight ordinarily must be supported by only a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A detention order based on the defendant's dangerousness generally must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

The Court must evaluate several enumerated statutory factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. . ." 18 U.S.C. §

Response to Motion to Revoke Detention Order - 6
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3142(g). These factors include:

    (1)    the nature and circumstances of the offense charged . . . ;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including—

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.*

### III. ARGUMENT

As Judge Tsuchida correctly concluded, the factors here weigh in favor of detention.

#### A. *Nature and Circumstances of the Offense*

The instant offenses are incredibly serious and carry significant sanctions. Possession of a Firearm in Furtherance of Drug Trafficking charges allow the Court to presume detention as probable cause to believe defendant committed a violation of 18 U.S.C. 924(c) has been found. 18 U.S.C. 3142(e). While on community custody with the DOC for failing to abide by *court ordered* no contact with a former significant other, the defendant twice armed himself with firearms and peddled fentanyl.

According to CCS Conaty, the defendant was suspected of multiple shootings prior to supervision and the defendant fled the area in a vehicle at a high rate of speed during one DOC arrest attempt to which the defendant later admitted to possessing a firearm "that day." *See* Second Supplemental Pretrial Services Report at 5. When DOC

Response to Motion to Revoke Detention Order - 7
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

subsequently searched the defendant's shared residence with his grandmother, multiple firearm magazines were located. *Id*. During DOC supervision, a warrant had to be issued for the defendant and his conduct resulted in his return to custody on two separate occasions. *Id*. The nature and circumstances of the charged offenses warrant detention pending trial.

### B. *The Weight of the Evidence Against the Person*

The evidence against the defendant is considerable. The government possesses video depicting the defendant in possession of firearms in May 2022. The defendant was arrested with a firearm on May 23, 2022. The defendant was again contacted and found to be in possession of two additional firearms, fentanyl, and a large amount of cash in September 2022.

### C. *History and Characteristics of the Person*

The defendant's history and characteristics, when considered in their totality, weigh in favor of his continued detention. While the defendant may have ties to the community, numerous other data points in his history show he is still a considerable risk of nonappearance. First, the defendant has a considerable and recent warrant and failure to appear record. The defendant has warranted on local criminal matters seven times since 2018. *Id*. at 4-5.

Second, the defendant's history of attempting to evade apprehension evidences his risk of flight. In 2017, the defendant was convicted of Robbery in the Second Degree. When officers traced the defendant back to his residence and knocked on the door, the defendant ran out the back door and had to be apprehended on foot. *See* Exhibit 1 (2017-2759 Certification for Determination of Probable Cause and Judgment and Sentence 17-1-03870-5 KNT). While on DOC community custody in 2020, the defendant brutally assaulted his ex-girlfriend. When the victim's sister attempted to call 911, the defendant seized the cellphone and fled the scene prior to the arrival of law enforcement. *See* Exhibit

Response to Motion to Revoke Detention Order - 8
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2 (2020-0097 Certification for Determination of Probable Cause and 20-1-01569-1 SEA Judgment and Sentence).

Third, he has arrests and convictions for repeating failing to follow court ordered no contact. *See* Second Supplemental Pretrial Services Report at 4- 5. The very nature of this kind of offense demonstrates the defendant's unwillingness and or inability to follow court conditions. Further, convictions of this sort, when coupled his failure to appear history and demonstrated willingness to evade DOC, reasonably gives rise to concern that he will fail to follow through with court directives. Fourth, Judge Tsuchida twice noted a history of noncompliance while under supervision. Dkt. 32.1 at 2 16, ln. 11-20 and 32.2 at 23, ln. 1-6. Finally, the defendant has known substance abuse issues. When considered in the totality, these factors show that the defendant still poses a risk of nonappearance.

### D. Danger to the Community if Released

The defendant also poses a danger to the community if released. The defendant is presently charged with several counts of unlawful possession of firearms, possession of fentanyl with intent to distribute, and possessing a firearm in furtherance of drug trafficking. His criminal history includes robbery, assaults, unlawful possession of firearm(s), and domestic violence no contact order violations. After his release from DOC in February of 2022, the defendant armed himself as evidenced by the fact that law enforcement viewed videos of the defendant displaying firearms in music videos posted to the internet in May 2022. And on May 23, 2022, officers recovered a loaded firearm and a high capacity drum magazine during the defendant's arrest.

On September 8, 2022, the defendant was stopped driving a car in Federal Way. Law enforcement ultimately recovered another two firearms, two separately packaged containers of fentanyl pills, and a large amount of cash from the car the defendant was driving. The Taurus 9mm caliber piston recovered from the center console of the car had a loaded magazine laying next to it. The loaded Glock 9mm caliber pistol with an

Response to Motion to Revoke Detention Order - 9
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

extended magazine was recovered just under the back of the front passenger seat with the grip facing towards the driver's side. Notably, this relatively unique appearing firearm matches the one displayed by the defendant in the May 2022 music videos. This history shows a pattern of engaging in violence. The charged incidents, when coupled with the fact that loaded handguns were twice recovered from vehicles associated with the defendant, establishes that he is a danger to the community if he is released.

Finally, Judge Tsuchida considered the defendant's serious criminal history starting at the time the defendant became an adult, coupled with his continued law violations while on supervision as a basis to detain the defendant pending trial. Dkt. 32.1 at 16, ln. 5-20. Judge Tsuchida's reasoned and repeated denials of release should be maintained.

### E. CONCLUSION

For the foregoing reasons, the Court should deny the motion to reopen detention.

DATED this 3rd day of January, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

 *s/ Cecelia Gregson*
CECELIA GREGSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4325
Fax: 206-553-0755
Email: cecelia.gregson@usdoj.gov

Response to Motion to Revoke Detention Order - 10
*United States v. Gianni S. Thomas* / CR22-198 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970